CHIN, J.,
Concurring.—The majority opinion does not acknowledge it, but just over three years ago, in Martinez v. Regents of University of California (2010) 50 Cal.4th 1277 [117 Cal.Rptr.3d 359, 241 P.3d 855], this court specifically considered how to designate persons in Garcia’s position, and we unanimously rejected the term the majority uses, “undocumented immigrant,” in favor of a term we believed was more accurate, “unlawful alien.”
This is what we said: “Before we turn to the issues, we must comment on terminology. Defendants and supporting amici curiae generally refer to a person not lawfully in this country by a term such as ‘undocumented immigrant.’ Plaintiffs and supporting amici curiae generally use the term ‘illegal alien,’ as did the Court of Appeal. The term ‘undocumented immigrant’ is vague and is not used in the relevant statutes. It is also euphemistic, because it is unlawful to be in this country and to be undocumented in the sense in which defendants use the term. On the other hand, some view the term ‘illegal alien’ as pejorative. Wishing to be as neutral, yet as accurate, as possible in our terminology, we turn to the most relevant statutes for assistance. [Education Code, s]ection 68130.5, subdivision (a)(4), uses the phrase ‘a person without lawful immigration status.’ The federal provisions, sections 1621(d) and 1623(a) [(tit. 8 U.S.C.)], use the phrase ‘an alien who is not lawfully present in the United States.’ Both of these phrases are too bulky to be used continually. We believe it best to shorten these phrases to the two-word term ‘unlawful alien.’ Accordingly, we will use that term in this opinion.” (Martinez v. Regents of University of California, supra, 50 Cal.4th at p. 1288.)
The statutes at the heart of this case use the terms “an alien who is not lawfully present in the United States” (8 U.S.C. § 1621(d)) and “an applicant who is not lawfully present in the United States” (Bus. & Prof. Code, § 6064, subd. (b)), both of which are closer to the shorthand term used in Martinez than to the one used in the majority opinion.
*468 Nevertheless, I consider the question of which term to use to come within the discretion of the opinion’s author. Accordingly, I have signed the majority opinion.